R. Glenn **BURNETT** et al., Plaintiffs,

v.

**EASTMAN KODAK COMPANY,**
Defendant.

No. CIV–2–77–49.

United States District Court,
E. D. Tennessee,
Northeastern Div.

June 7, 1977.

---

Richard C. Jessee, Bacon, Dugger, Jessee & Perkins, Morristown, Tenn., for plaintiffs.

William T. Gamble, Wilson, Worley, Gamble & Ward, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

NEESE, District Judge.

This is a removed civil action seeking money damages for the defendant's alleged wrongful conduct in introducing a certain chemical into the Holston River thus contaminating the water supply of the city of Morristown, Tennessee and forcing the closing of Burnett Produce Company (a partnership). The complaint consists of 2 counts, in the first of which the 3 individual partners of said business seek to recover damages they sustained as a result of its required closing (by state authorities) for a period of 10 days. Count II is a purported class action, Rule 23, Tennessee (and Federal) Rules of Civil Procedure, in which the 5 putative plaintiffs, employees of such business, seek, in behalf of all affected employees thereof, to recover for their wages and other benefits lost as a result of the aforementioned business closing.

As to both counts of the complaint, the required diversity of citizenship, 28 U.S.C. § 1332(a)(1), (c), is present; however, as to Count II there is lacking the requisite jurisdictional amount in controversy, *idem.* Thus, this Court would not have original jurisdiction hereof had this action been initially filed in this Court. See: *Zahn v. International Paper Company* (1973), 414 U.S. 291, 301, 94 S.Ct. 505, 38 L.Ed.2d 511, 519[1]; *Snyder v. Harris* (1969), 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319, 323[2, 3], rehearing denied (1969), 394 U.S. 1025, 89 S.Ct. 1622, 23 L.Ed.2d 50. Therefore, the propriety of such removal, if any, must rest on 28 U.S.C. § 1441(c), which the defendant contends authorizes its removal of this action hereto.

The right of removal from a state court to a federal court exists only in certain enumerated classes of actions, and for one to exercise such right, " * * * it is essential that the case be shown to be within one of those classes. * * * " *Chesapeake & O. R. Co. v. Cockrell* (1914), 232 U.S. 146, 151–152, 34 S.Ct. 278, 280, 58 L.Ed. 544, 547. Such burden of showing that removal was proper is always upon the defendant. *Wilson v. Republic Iron & Steel Co.* (1921), 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144, 148 (headnote 7). The federal removal statutes will be strictly construed in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets* (1941), 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214, 1219 (headnote 4). " * * * 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupu-

lously confine their own jurisdiction to the precise limits which the statute has defined.' * * * " *Idem.* The removal of cases on the ground of diversity of citizenship is in derogation of state sovereignty. See *idem.*

The Congress has provided that, " * * * [w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." 28 U.S.C. § 1441(c). One of the purposes of the enactment of that statute was to actually reduce the number of cases removable from the state to the federal courts. *American Fire & Casualty Co. v. Finn* (1951), 341 U.S. 6, 9–10, 71 S.Ct. 534, 95 L.Ed. 702, 706 (headnote 1). " * * * This purpose has been achieved. Only a small number of cases have been removed under § 1441(c) since the Supreme Court construed it in the *Finn* case [, *supra* ], and a strong argument can be made that in permitting removal in those cases the district courts applied the statute erroneously, or that the removal was unconstitutional. * * * " Wright, Law of Federal Courts (3d ed., 1976), 156, § 39. Under the test established by the Supreme Court, " * * * where there is a single wrong to [the] plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Casualty Co. v. Finn, supra,* 341 U.S. at 14, 71 S.Ct. at 540, 95 L.Ed. at 708–709 (headnote 5). The plaintiffs' pleading controls in the making of this determination. *Ibid.,* 341 U.S. at 14, 71 S.Ct. at 540, 95 L.Ed. at 709 (headnote 6).

Professors Wright, Miller and Cooper have stated that:

* * * * * *

Most commentators agree that few, if any, diversity cases can be properly re-moved under Section 1441(c) in light of the construction placed on the statute by the *Finn* case. Even under most liberal of state joinder rules and statutes, parties are not properly joined unless there is a question of law or fact common to all of them and there is a claim asserted for or against them all arising out of the same transaction or occurrence or series of transactions or occurrences.[1] It seems reasonable to conclude that claims involving common questions and stemming from the same transaction do not qualify as separate and independent claims or causes of action under the Supreme Court's formulation. * * * [L]ogic supports the argument that removal is not available when a number of plaintiffs join their claims against a single defendant arising from a common wrong allegedly committed by the latter.

* * * * * *

14 Wright, Miller & Cooper, Federal Practice and Procedure 629, § 3724. Those authors have concluded further that " * * * it is difficult to imagine how removal could be permitted in the case of multiple plaintiffs suing a single defendant. Surely in the very common situation of a defendant whose negligent behavior has caused injury to a number of plaintiffs there is no separate and independent claim or cause of action within the meaning of Section 1441(c). * * * " *Ibid.,* at 653, § 3724.

Although the Court of Appeals for the Sixth Circuit has apparently shown a greater willingness to find claims separate and independent when multiple plaintiffs have claims against a single defendant, *cf. ergo, Stokes v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* C.A. 6th (1975), 523 F.2d 433, 437–438[6], such decision is inapposite since, therein, " * * * the claims did not arise from a 'single wrong' of [the] defendant. * * * " *Ibid.,* 523 F.2d at 438[6]. Herein, however, from the face of the complaint, it is obvious, and the Court hereby FINDS, that the plaintiffs seek relief only for a single alleged wrong of the

---

**1.** *Cf.* Rule 20.01, Tennessee Rules of Civil Procedure: " * * * All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transac-tion, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. * * * "

518

defendant, *viz.*, its causing or permitting the chemical ethyl pivalate to be dumped or spilled into the water at the south fork of the Holston River on February 4, 1977.[2] Under these circumstances, " * * * [i]t cannot be said that there are separate and independent claims for relief as [28 U.S.C.] § 1441 requires * * * [and consequently] there was no right to removal. * * " *American Fire & Cas. Co. v. Finn, supra*, 341 U.S. at 16, 71 S.Ct. at 541, 95 L.Ed. at 710 (headnote 7).

It thus appearing that this case was removed improvidently and without jurisdiction, the same hereby is REMANDED to the Circuit Court of Hamblen County, Tennessee. 28 U.S.C. § 1447(c). The clerk will serve by postal service a certified copy of this order on the clerk of the aforementioned state court at Morristown. *Idem.* The costs of such removal will be taxed against the defendant. *Idem.*

---

2. *In American Fire & Cas. Co. v. Finn, supra*, 341 U.S. at 14, 71 S.Ct. at 540, 95 L.Ed. at 709 (headnote 6), " * * * [t]he single wrong for which relief [wa]s sought [wa]s the failure to pay compensation for the loss on the property. * * * "