Leo STRANGE and Brenda
Strange, Plaintiffs,

v.

ARKANSAS–OKLAHOMA GAS CORPO-
RATION, American Meter Division of
the Singer Company and the Singer
Company, All Corporations, Defendants.

No. 81–2143.

United States District Court,
W. D. Arkansas,
Forth Smith Division.

Dec. 11, 1981.

William M. Cromwell, Rose, Kinsey &
Cromwell, Fort Smith, Ark., for plaintiffs.

Douglas O. Smith, Jr., Warner & Smith,
Fort Smith, Ark., for defendant, Arkansas-
Oklahoma Gas Corp.

C. Wayne Harris, Warner & Smith, Fort Smith, for codefendants, American Meter Division of the Singer Co. and The Singer Co.

## MEMORANDUM OPINION

WATERS, Chief Judge.

Plaintiffs filed suit in the Circuit Court of Sebastian County, Arkansas, Greenwood Division, against the defendants, alleging that on June 21, 1981, an explosion and fire occurred at a residence which the plaintiffs were occupying at the time, causing several injuries to them. It is alleged that defendant, Arkansas-Oklahoma Gas, served the residence with natural gas and was responsible for the maintenance of the equipment which served the residence. The complaint alleges that the defendants, The Singer Company and American Meter Division of The Singer Company, manufactured and distributed the meters and regulators that were installed at the reidence by defendant, Arkansas-Oklahoma Gas.

Relative to citizenship or residency, the complaint alleges that the plaintiff, Leo Strange, is a resident of the State of Oklahoma; that the plaintiff, Brenda Strange, is a resident of Arkansas; that Arkansas-Oklahoma Gas is an Arkansas corporation; and that American Meter Division of The Singer Company and The Singer Company are New Jersey corporations.

Within the statutory period for removal, defendants filed their petition for removal, confirming that Leo Strange was a citizen of Oklahoma; that Brenda Strange was a citizen of Arkansas; that Arkansas-Oklahoma Gas Corporation is a citizen of Arkansas with its principal place of business in Arkansas; and that The Singer Company is a New Jersey Corporation which, along with its division, has its principal place of business in Connecticut.

■■ Although the plaintiffs have not objected to the jurisdiction of this court, the court concludes that it does not have subject matter jurisdiction and that this matter must be remanded. Of course, the law clearly is that the court not only has the right, but the obligation and duty to carefully consider the pleadings filed in this matter and to determine whether subject matter jurisdiction exists. If the court determines that it does not have jurisdiction, it is obligated, on its own motion if necessary, to remand the matter to state court. *Fort v. Ralston Purina Co.*, 452 F.Supp. 241 (D.C.Tenn.1978); *Van Horn v. Western Electric Co.*, 424 F.Supp. 920 (D.C.Mich. 1977); *Fischer v. Holiday Inn of Rhinelander, Inc.*, 375 F.Supp. 1351 (S.D.Wis.1973); *Sexton v. Allday*, 221 F.Supp. 169 (D.C.Ark. 1963).

■ In determining whether a case should be remanded, a great number of cases hold that if federal jurisdiction is doubtful such doubts should be resolved in favor of state court jurisdiction and the case remanded. See numerous cases cited 14 *Wright, Miller & Cooper, Fed.Prac. & Proc.*: Jurisdiction, Sec. 3739 n. 23. As is pointed out in that treatise at p. 762:

"This rule rests on the expediency, if not unfairness, of exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined on appeal that the court lacked jurisdiction."

Of course the law clearly is that action by a federal court which lacks subject matter jurisdiction is a nullity and that either party, even the party that invoked the jurisdiction of the court, can attack jurisdiction at any time even after judgment is rendered against him. *Amer. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

■■ The right of removal from a state court to a federal court exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be one within one of those classes. *Ches. & Ohio Ry. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914). The burden of showing that removal was proper is always upon the party removing. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The removal statutes will be strictly construed in favor of state court

jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

With the above principles in mind, the court will now consider the case at bar. It is undisputed that the plaintiff, Brenda Strange, is a citizen of Arkansas, and that Arkansas-Oklahoma Gas Corp. is an Arkansas corporation with its principal place of business in Arkansas. This is the allegation of both the complaint filed by the plaintiffs and the petition for removal filed by the defendants. Since that is the case, there is clearly not a complete diversity of citizenship so as to make the case removable under the provisions of 28 U.S.C. Sec. 1332, even though the amount sued for is greatly in excess of the jurisdictional amount.

The defendants have purported to remove this case to this court under the provisions of 28 U.S.C. Sec. 1441(c) which provides:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

In order for the case to be removable under the provisions of the above quoted statute, it is clear that the claim or cause of action of Leo Strange must be separate and independent from the claim or cause of action of Brenda Strange. The defendants claim that this is the case and cite in support of their position *Northside Iron & Metal Co., Inc. v. Dobson & Johnson, Inc.*, 480 F.2d 798 (5th Cir. 1973) and *Jong v. General Motors Corp.*, 359 F.Supp. 223 (D.C.Cal. 1973). It is that true that these cases seem to so hold, but the law is not at all well settled in this respect, and the court declines to follow the holding of these cases. There are other cases that hold otherwise.

In 14 *Wright, Miller & Cooper, Fed.Prac. & Proc.: Jurisdiction Sec. 3724 at p. 641*, after discussing the various views, it is stated:

"Although sec. 1141(c) has been in effect for over a quarter of a century, there are still several unsettled issues as to the meaning of 'separate and independent claim or cause of action'. One basic question that lacks authoritative resolution is whether the claims or causes of action properly joined by a number of plaintiffs against a single defendant are separate and independent.... The few decided cases on the point go both ways; some deny and others permit removal. (citing cases) Given the statutes' perceived purpose of restricting the availability of removal, the Supreme Court's endorsement of a 'single wrong' test, and the requirements of most state joinder provisions, it is difficult to imagine how removal could be permitted in the case of multiple plaintiffs suing a single defendant. Surely in the very common situation of a defendant whose negligent behavior has caused injury to a number of plaintiffs there is no separate and independent claim or cause of action within the meaning of Section 1441(c)."

In referring to the "purpose of restricting the availability of removal", the author cited *American Fire & Cas. Co.*, supra, in which the Supreme Court held that one of the purposes of Congress in enacting Sec. 1441(c) was to restrict the number of cases removable from state court. See also, *Her Majesty Industrial, Inc. v. Liberty Mutual Ins. Co.*, 379 F.Supp. 658 (D.C.S.C.1974); *Van Slambrouck v. Employer's Mutual Liability Ins. Co. of Wis.*, 354 F.Supp. 366 (D.C. Mich.1973); *Herrmann v. Braniff Airways, Inc.*, 308 F.Supp. 1094 (D.C.N.Y.1968); *Winters v. Hale*, 296 F.Supp. 125 (D.C.Ala.1968); *Cannon v. Goodyear Tire & Rubber Co.*, 241 F.Supp. 23 (D.C.S.C.1965); and *First Natl. Bank of Lake Providence v. American Marine & Gen. Inc. Co.*, 181 F.Supp. 285 (D.C. Ark.1960).

While the holding of the court in *American Fire & Cas. Co. v. Finn*, supra, is not wholly on point, since, in that case there was one plaintiff and multiple defendants (rather than multiple plaintiffs and one defendant as in the case at bar), the "single

wrong" test adopted by the court in that case seems to this court to be the appropriate test to apply in a case such as the one at bar.

■ In this case the plaintiffs allege that they were severely injured by one happening which occurred as a result of the combined negligence of the defendants. Thus, there was, it is alleged, a single wrong causing the injuries to both of the plaintiffs. There was one explosion caused by one set of operative facts, and surely it cannot be said with any jurisdiction that plaintiffs' claims or causes of action are separate and independent. They may be separate, but they are not independent.

The court of the Eastern District of Tennessee, when faced with an almost identical question in *Burnett v. Eastman Kodak Co.*, 433 F.Supp. 514 (1977) held that where the plaintiffs seek relief only for a single alleged wrong of the defendants, it cannot be said that the claims of the plaintiffs are separate and independent claims. Citing *Amer. Fire & Casualty Co. v. Finn*, supra. See also, *U. S. Industries, Inc. v. Gregg*, 348 F.Supp. 1004 (D.C.Del.1972); *LaVan Pet. Co. v. Underwriter's at Lloyd's*, 334 F.Supp. 1069 (D.C.N.Y.1971); *Rosen v. Rozan*, 179 F.Supp. 829 (D.C.Mont.1959); and *Schwartz v. Merrill Lynch, Pierce, Fenner & Smith*, 424 F.Supp. 672 (D.C.Cal.1976).

The words of the author of a note in the Colorado Law Review well set forth the court's view in this case:

> "The argument that, under the 'single injury' concept of cause of action, a suit brought by multiple plaintiffs would consist of as many causes of action as there are plaintiffs seems insupportable: if all the plaintiffs had been injured by the same act or groups of acts, as would have to be the case under state joinder rules, there would be a common occurence or transaction binding the component parts of the litigation. In the case of multiple defendants acts are connected by their common result, while in the case of multiple plaintiffs, separate results are related by their single source." Note, Removal Under Sec. 1441(c) of the Judicial Code, 1952, 52 Col.L.Rev. 101.

■ The court finds in this case, because the alleged injures suffered by the plaintiffs were caused by a single source from a single set of operative facts which allegedly resulted from the negligence of the defendants, that plaintiffs' claims or causes of action are not separate and independent as required by 28 U.S.C. § 1441(c) so as to give this court subject matter jurisdiction and, for this reason, that it lacks subject matter jurisdiction, and that this matter must be remanded to state court.

It, perhaps, should be pointed out that it is this court's view that by remanding the case the defendants have not been deprived of a right vested in them. In the words of Judge Hutchenson in *Pabst v. Roxana Pet. Co.*, 30 F.2d 953 (D.C.Tex.1929):

> "I am not impressed by the assertion that some valuable right which is given him in the federal court will be taken from him by trial in the state court. As I understand the jurisprudence of this state, it operates with an eye to justice, just the same as that of the federal court."

In any event, as we pointed out above, this court does not have discretion in deciding whether this case should be tried in this court or state court. If it lacks subject matter jurisdiction the state court is the proper forum. As the United States Supreme Court said in *Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941), at p. 76, 62 S.Ct. at p. 20:

> "This is not a sacrifice of justice to technicality. For the question here is not whether Chase and Indianapolis Gas may pursue what they conceive to be just claims against the City, but whether they may pursue them in the federal courts in Indiana, rather than in its state courts. The fact that Chase prefers the adjudication of its claims by the federal court is certainly no reason why we should deny the plain facts of the controversy and yield to illustive artifices. Settled restrictions against bringing local disputes into the federal court cannot thus be circumvented.

These requirements, however technical seeming, must be viewed in the perspective of the constitutional limitations upon the judicial power of the federal courts, and of the Judiciary Acts in defining the authority of the federal courts when they sit, in effect, as state courts. See *Madisonville Traction Co. v. Mining Co.*, 196 U.S. 239, 255 [25 S.Ct. 251, 257, 49 L.Ed. 462] and *Ex parte Schollenberger*, 96 U.S. 369, 377 [24 L.Ed. 853]. The dominant note in the successive enactments of Congress relating to diversity jurisdiction, is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts,' in order to keep them free for their distinctive federal business. See Friendly, *The Historic Basis of Diversity Jurisdiction*, 41 Har.L. Rev. 483, 510; *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09 [61 S.Ct. 868, 872, 85 L.Ed. 1214]; *Healy v. Ratta*, 292 U.S. 263, 270 [54 S.Ct. 700, 703, 78 L.Ed. 1248. 'The policy of statute (conferring diversity jurisdiction upon the district courts) calls for its strict construction. The power reserved to the states, under the Constitution, to provide for the determination of controversies in their courts may be restricted only by the action of Congress in conformity to the judiciary sections of the Constitution . . . . Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' *Healy v. Ratta*, supra, at 270 [54 S.Ct. at 703]. In defining the boundaries of diversity jurisdiction, this court must be mindful of this guiding Congressional policy. See *Hepburn & Dundas v. Ellzey*, 2 Cranch 445 [2 L.Ed. 332]; *New Orleans v. Winter*, 1 Wheat. 91 [4 L.Ed. 44]; *Morris v. Gilmer*, 129 U.S. 315, 328–29 [9 S.Ct. 289, 293, 32 L.Ed. 690]; *Coal Company v. Blatchford*, 11 Wall. 172 [20 L.Ed. 179]; *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100 [61 S.Ct. 868, 85 L.Ed.1 214]; and compare *Old Grant v. M'Kee*, 1 Pet.

248 [7 L.Ed. 131]; *Elgin v. Marshall*, 106 U.S. 578 [1 S.Ct. 484, 27 L.Ed. 249]; *Healy v. Ratta*, 292 U.S. 263 [54 S.Ct. 700, 78 L.Ed. 1248]; *McNutt v. General Motors Accept. Corp.*, 298 U.S. 178 [56 S.Ct. 780, 80 L.Ed. 1135]."

An order will be entered in compliance with this memorandum opinion, remanding this matter to the Circuit Court of Sebastian County, Arkansas, Greenwood District.