**In re Billy Joe and Alonna K. BARNES.**

**Ronnie BARNES, Plaintiff,**

v.

**CIGNA GROUP INSURANCE, Connecticut General Life Company and Alonna K. Barnes, Defendants.**

Bankruptcy No. 93–41714S.
Adv. No. 94–4124.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Aug. 18, 1994.

Stanley D. Rauls, Little Rock, AR, for plaintiff Ronnie Barnes.

Joe D. Calhoun, Little Rock, AR, for Alonna K. Barnes.

Scott M. Strauss, Little Rock, AR, for Connecticut General Life Co.

John E. Tull, Little Rock, AR, for Cigna Group Ins.

Roberto G. Culas, Little Rock, AR, for Billy Joe Barnes.

Richard Ramsay, Trustee, Little Rock, AR.

### ORDER OF REMAND

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the plaintiff's "Objection to Removal of State Court Action," filed on August 12, 1994, which the Court will treat as a motion for remand, and the Trustee's Motion to Intervene, originally filed in the state court proceeding. Inasmuch as the Court will remand this matter, adjudication of all other pending motions are better left to the discretion of the state court.

This bankruptcy case was filed on August 17, 1993. The debtor Billy Joe Barnes died on September 9, 1993. On May 2, 1994, the brother of Billy Joe Barnes, Ronnie Barnes, filed an action in the Circuit Court of Saline County, Arkansas, requesting that the Court determine that he is entitled to the proceeds of life insurance benefits. Alonna Barnes, the co-debtor and wife of Billy Joe Barnes, filed an answer, cross-complaint, counterclaim, and third-party complaint, asserting that she is entitled to the proceeds of the policy. The trustee sought to intervene, claiming that the policy proceeds are property of the estate. On May 26, 1994, the trustee timely filed a notice of removal of the litigation to this Court. Fed.R.Bankr.Proc. 9027(a)(3).

█ Upon the filing of a notice of removal, the Court is required to review the notice and determine whether jurisdiction is proper. *Strange v. Arkansas–Oklahoma* *Gas Corp.,* 534 F.Supp. 138, 139 (W.D.Ark. 1981). If the matter does not properly rest with the Court, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Although the Court treats the objection to removal as a motion for remand, this Court may, upon its own motion, remand the matter to the state court. *See id.; Smith v. City of Picayune,* 795 F.2d 482 (5th Cir.1986).

There are numerous factors which courts may consider in determining whether to remand a case on equitable grounds. *See generally Baxter Healthcare Corporation v. Hemex Liquidation Trust,* 132 B.R. 863, 867–68 (N.D.Ill.1991); *Citicorp Savings of Illinois v. Chapman,* 132 B.R. 153, 157–58 (Bankr. N.D.Ill.1991). Upon application of the factors to the instant case, remand on equitable grounds is clearly merited. Only one of the six parties in the suit is a debtor-in-bankruptcy. The action removed to this Court pleads state-law claims based upon insurance and tort law, which do not "arise under" or "arise in" the bankruptcy case. The complaint, counterclaim, cross-complaint, and third-party complaint are composed of purely state law claims for which there is no jurisdiction in this Court, other than that granted by 28 U.S.C. § 1334, exists.

█ Remand would have little, if any, effect upon the administration of the bankruptcy case.[1] Given the burdens of this Court's docket, there is no reason to believe that the state court action would not proceed to trial as expeditiously as in this Court. Moreover, as this matter is non-core, the requirements of 28 U.S.C. § 157 further lengthen the proceeding because this Court would only be able to make proposed findings to the district court which then would consider the issues. Finally, plaintiff has made demand for jury trial, again invoking complex procedures inasmuch as this Court cannot conduct jury trials. A right to jury trial is another factor which militates in favor

---

1. Of course, were the state court to determine that Alonna Barnes is entitled to the proceeds of the insurance policy, then there will exist issues for this Court. Those issues need not be decided by the state court and would not be ripe for adjudication until such time as there is a determination as to whether Ronnie Barnes or Alonna Barnes is the party entitled to the insurance proceeds. Further, the trustee can fully protect the interests of the bankruptcy estate by intervening in the state court proceeding.

of remand to the state court. *See In re Tucson Estates*, 912 F.2d 1162 (9th Cir.1990). Thus, the claims, purely state law matters, are better addressed by the state court. Comity and the interests of consistency in the application of state law also militate in favor of remand. The equitable grounds being overwhelmingly in favor of remand, it is

**ORDERED** as follows:

1. The trustee's motion to intervene is GRANTED. If a pleading was not previously filed with the Circuit Court, the trustee shall forthwith file any pleading pursuant to Ark.R.Civ.Proc. 24(c) with the Circuit Court.

2. This adversary proceeding is REMANDED to the Circuit Court of Saline County, Arkansas.

3. The status conference regarding this adversary proceeding, scheduled for August 23, 1994, in Little Rock, Arkansas is removed from the calendar. The status conference regarding the bankruptcy case will remain on the August 23, 1994, calendar.

**IT IS SO ORDERED.**