United States Court of Appeals,

Fifth Circuit.

No. 94-10667

Summary Calendar.

T.H. INC. and Edwin T. McBirney, III, Plaintiffs-Appellants,

v.

6218 INVESTORS, et al., Defendants,

RTC as Receiver for Sunbelt Federal Savings, Defendant-Appellee.

Jan. 5, 1995.

Appeal from the United States District Court for the Northern
District of Texas.

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:

Plaintiffs T.H., Inc. and Edwin T. McBirney, III appeal the
district court's grant of summary judgment in favor of defendant
Resolution Trust Corporation (the "RTC"), as receiver for Sunbelt
Federal Savings, FSB ("Sunbelt"). We reverse the grant of summary
judgment and remand to the district court for remand to the state
courts of Texas.

BACKGROUND

This suit involves real property known as 6218 Raintree Court,
Dallas, Texas (the "Property"). On April 2, 1985, the Property was
conveyed to 6218 Investors, Ltd. ("Investors"). Investors executed
a deed of trust in favor of Western Savings & Loan Association
("Western"). On August 30, 1988, Investors granted plaintiffs an
option to purchase the Property. Western subsequently transferred
the deed of trust to Sunbelt, and the RTC acquired the deed of

1

trust as receiver for Sunbelt.

On October 2, 1992, plaintiffs filed a suit for declaratory judgment against the RTC and other parties in Texas state district court, seeking to clarify that their option to purchase was valid and superior to the lien which Sunbelt held on the Property. Plaintiffs provided the RTC and the other defendants with a copy of the pleadings they had filed on or about that same day. Citation was subsequently served on the RTC on January 28, 1993.

The RTC filed a notice of removal on March 26, 1993. The federal district court denied a motion by plaintiffs to remand to state court. The district court then granted the RTC's motion for summary judgment and dismissed plaintiffs' causes of action against the remaining defendants.

DISCUSSION

We hold that the RTC's notice of removal to federal court was untimely, and that the district court therefore should have remanded the case to Texas state district court pursuant to 28 U.S.C. § 1447(c).

In its notice of removal, the RTC cited the general removal provision, 28 U.S.C. § 1446, as the basis for removal in this case. However, the RTC did not file its notice of removal within the time period specified in 28 U.S.C. § 1446. That provision allows removal within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ..." The RTC filed its notice of removal on March 26, 1993, almost six months after plaintiffs provided the RTC with a copy of the

2

pleadings and more than 30 days after the citation was served on the RTC.

Assuming that the RTC may also rely on the removal provision of 12 U.S.C. § 1819(b)(2)(B) (Supp.1994), which it did not cite in its notice of removal, the RTC still failed to comply with the time period requirements for removal. The Financial Institutions Reform and Recovery Act of 1989 provides, in 12 U.S.C. § 1819(b)(2)(B), for an extended time period for removal in a suit involving the Federal Deposit Insurance Corporation operating in its capacity as the RTC. Under 12 U.S.C. § 1819(b)(2)(B), the RTC may remove to federal court "before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [RTC] or the [RTC] is substituted as a party." The RTC filed its notice of removal in this case on March 26, 1993, after the 90-day period for removal, running from the filing of the suit on October 2, 1993, had expired.

The RTC argues that it filed its notice within the applicable time period, because the time period did not begin to run until the RTC appeared in the suit by filing an answer in state court on February 19, 1993. The RTC bases its argument on the latter part of 12 U.S.C. § 1819(b)(2)(B), which provides that the 90-day period for removal may begin on the date the RTC is substituted as a party. The RTC points to caselaw which indicates that the RTC will not be considered to be a party until it has made an appearance in the state court suit. *See FDIC v. Loyd*, 955 F.2d 316, 327 (5th Cir.1992).

3

In this case, however, the RTC was named as a defendant in the original petition. The RTC already served as receiver for Sunbelt when the suit was filed. There was no need to substitute the RTC as a party, and so the language providing for the running of the 90-day period after substitution does not apply. In *FDIC v. Loyd,* the court held that the FDIC (acting in its capacity as the RTC in this case) could not be considered a party under § 1446(b) "until it ... made an appearance, voluntary or involuntary, in the state court case." 955 F.2d at 327. But, in that case, the FDIC had not been a party to the suit when it was filed. It did not become receiver for a party involved in the suit until after the suit had been brought. The court was forced to look at the language of 12 U.S.C. § 1819(b)(2)(B) providing that the 90-day period may begin to run when the FDIC is substituted as a party and determine when the FDIC became a party. Such a determination is not required in this case, because the RTC was always a party to the suit.

REVERSED AND REMANDED WITH ORDERS TO REMAND TO STATE COURT.