**H.W. "Butch" HORTON**

v.

**NACOGDOCHES INDEPENDENT SCHOOL DISTRICT.**

**No. 9:99CV79.**

United States District Court,
E.D. Texas,
Lufkin Division.

Jan. 12, 2000.

---

H.W. "Butch" Horton, Nacogdoches, TX, plaintiff pro se.

John J. Durkay, Mehaffy & Weber, Beaumont, TX, for trustee in Bankruptcy.

Edmund McAlistair Benchoff, Benchoff and Benchoff, Nacogdoches, TX, Snow E Bush, Jr, Longview, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

### I. Background

The court now considers Mr. Horton's second attempt at removal of this case which has a long and confusing procedural history. On May 7, 1996 Horton filed suit against the Nacogdoches Independent School District Board of Trustees in the 145th Judicial District Court of Nacogdoches County, Texas alleging wrongful termination. This case was given cause number 12,234–96–5. On April 18, 1997, Horton filed a second suit against the defendants alleging violations of the Fair Labor Standards Act. This case was given cause number 14,028–98–1.

On September 11, 1998, Horton filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of Texas, Lufkin Division.

In this proceeding, no. 98–91645, Stephen F. Zayler was appointed trustee and an order of relief was entered by the Bankruptcy Court.

Before Horton filed for bankruptcy, most of his causes of action had been decided against him by the state court. Summary judgment was granted in favor of the defendants on July 10, 1998 in the wrongful termination suit. That same day, partial summary judgment was granted in favor of the defendants in the Fair Labor Standards Act cause of action.

These judgments apparently caused Horton, acting pro se, to file a notice of removal in this court on September 28, 1998. This court was not aware of the bankruptcy proceedings and entered an order remanding the cases on December 15, 1998 in 9:98cv247. Horton attempted to appeal this order but ended up withdrawing his motion. Finally, on April 12, 1999, Horton again attempted to remove his cases to this court. This time the cause was numbered 9:99cv79.

■ Since October 8, 1998 when Stephen F. Zayler was appointed trustee of Mr. Horton's estate, he, and not Mr. Horton, has had the sole exclusive right to act with respect to the two state court lawsuits under 11 U.S.C. § 704(1). This court's previous order of December 15, 1998 was a violation of the automatic stay entered by the Bankruptcy Court because litigants who have filed for bankruptcy cannot proceed in their causes of actions without permission from the Bankruptcy Court.

On October 19, 1999, in cause no. 98–91645, the Bankruptcy Court ordered the automatic stay of proceedings modified so as to allow the debtor and all other parties to proceed with trial of this case. On December 30, 1999, attorneys acting on behalf of the Trustee notified this court that they wished to ratify Mr. Horton's September 18, 1998 purported removal of the state court cases and proceed to trial in this court.

## II. Analysis

■ Before this case can proceed further, this court must first determine whether federal jurisdiction exists for Mr. Horton's causes of actions. In order for federal jurisdiction to exist, removal must have been proper because removal is a statutory right. *See* 28 U.S.C. § 1441, 28 U.S.C. § 1334. If the statute was not strictly complied with, the case must be remanded to state court.

Mr. Horton, acting pro se, submitted a Notice of Removal on April 12, 1999. This notice is nearly incomprehensible. It is almost impossible to judge exactly what grounds Horton is asserting for removal and how they apply to this situation. Unfortunately, the Trustee's attorney has not been of assistance to this court. The Trustee's response does not cite any statute nor does it cite a single case.[1] Horton did manage to cite two different removal statutes in his motion. The first one he cites is 28 U.S.C. § 1331—federal question removal. The second one is 28 U.S.C. § 1334—bankruptcy removal. Therefore, this court will address both of these statutes.

### A. General Principles on Removal

■ "Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir.1993). It is well settled that removal statutes are read narrowly and in favor of remand. *Jeffer-*

---

1. The Trustee handles the jurisdictional issues in the following manner.

   Clearly the cause brought by plaintiff was a federal cause of action. Additionally at the time of the removal, plaintiff was a counter claim defendant in the cause for state causes of action. On the filing of his bankruptcy, the counterclaim against Mr. Horton then was related to a pending bankruptcy and therefore as a counterclaim defendant, the plaintiff, whether Mr. Horton or his representative, Mr. Zayler, were entitled as a matter of law to remove. Pl's Response to Notice of Removal at 2.

*son Parish Hosp. Dist. No. 2 v. Harvey,* 788 F.Supp. 282, 283–84 (E.D.La.1992). The Trustee, as the party seeking to remove the case from state court to federal court, has the burden of establishing his right to remove. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988). If there are any doubts that a right to removal exists, "ambiguities are to be construed against removal." *Samuel v. Langham,* 780 F.Supp. 424, 427 (N.D.Tex.1992).

### B. Removal Based on Federal Question Jurisdiction

■ In this case, the Trustee simply cannot show that removal was properly accomplished in regard to federal question jurisdiction by Mr. Horton's previous actions. While it is a plaintiff's prerogative to choose the initial forum for his suit, once he files in state court there is no valid authority providing plaintiffs the power of removal to federal court. To the contrary, substantial precedents explicitly deny that power to the original plaintiffs to an action. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *F.D.I.C. v. Loyd,* 955 F.2d 316 (5th Cir.1992); *American Int'l Underwriters v. Continental Ins. Co.,* 843 F.2d 1253 (9th Cir.1988); *H & R Block, Ltd. v. Housden,* 24 F.Supp.2d 703 (E.D.Tex.1998); *Scott v. Communications Serv., Inc.,* 762 F.Supp. 147 (S.D.Tex.1991) *aff'd,* 961 F.2d 1571 (5th Cir.1992).

The Trustee has failed to address this substantial array of contrary authority. The Trustee only boldly states the following: "The Trustee again contends that within thirty days of the filing of the Horton bankruptcy, the cause of action in which Mr. Horton is a counterclaim defendant was properly removed to the United States District Court." Pl's Resp. to Notice of Removal at 3.

■ Apparently, the Trustee believes that since the defendants brought a counterclaim against Mr. Horton the action is removable. However, it is very well established that only a defendant can remove a case and not a counter-defendant. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214. Horton does not become a defendant within the meaning of the removal statute, 28 U.S.C. § 1441, when a defendant files a counterclaim against him. As the Ninth Circuit recognized, "[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even *if he could have originated* the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court." *Oregon Egg Producers v. Andrew,* 458 F.2d 382, 383 (9th Cir.1972) (emphasis added).

■ Simply put, counterclaims do not allow plaintiffs to remove cases which *they* originally chose to bring in state court. Numerous courts have reached this same result. *See, e.g., Roadway Package Sys., Inc. v. Rodgers Wade Mfg. Co., Inc.,* No. 3:96CV2009G, 1997 WL 160282 (N.D.Tex. Mar.26, 1997) (recognizing that a counter-defendant may not remove a case to federal court under § 1441); *OPNAD Fund, Inc. v. Watson,* 863 F.Supp. 328, 331 (S.D.Miss.1994) ("The bare text of section 1441(a) mentions only defendants, not counter-defendants, as parties eligible to remove ... [O]n the statute's face, the rule that only the defendant may remove is unambiguous."); *Scott v. Communications Servs., Inc.,* 762 F.Supp. 147, 150 (S.D.Tex. 1991) (collecting cases and stating that "[n]o court since 1938, ..., has held that the plaintiff may remove a case as a counter-defendant"); *Coditron Corp. v. AFA Protective Sys., Inc.,* 392 F.Supp. 158, 161 (S.D.N.Y.1975) (holding the same and citing Professor Moore's treatise on Federal Practice); *see also* CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, 14C FEDERAL PRACTICE & PROCEDURE § 3731 (3d ed.1998) (stating that "plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them").

■ Even had Horton the power to remove, his attempt to do so was too late. Notice of removal must be filed within thirty days of the date on which the grounds for removal become apparent. 28 U.S.C. § 1446(b); *T.H. Inc. v. 6218 Investors*, 41 F.3d 235 (5th Cir.1995). The grounds for federal jurisdiction that Horton asserts in his notice of removal were evident from the very inception of this litigation. Furthermore, not only is there no basis in law to allow plaintiffs to remove actions they filed themselves, but bright-line rules also govern the time of filing. Horton did not file his notice of removal until well after the 30 day time limit had expired.

### C. Bankruptcy Removal

Bankruptcy removal is governed primarily by two statutes, 28 U.S.C. § 1334 and 28 U.S.C. § 1452. Upon the filing of a notice of removal, a court is required to review the notice and determine whether jurisdiction is proper. *Strange v. Arkansas–Oklahoma Gas Corp.*, 534 F.Supp. 138, 139 (W.D.Ark.1981). If the matter is not properly before the court, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

There are numerous factors which courts may consider in determining whether to remand a case on equitable grounds. *See generally Baxter Healthcare Corp. v. Hemex Liquidation Trust*, 132 B.R. 863, 867–68 (N.D.Ill.1991); *Citicorp Sav. of Ill. v. Chapman*, 132 B.R. 153, 157–58 (Bankr. N.D.Ill.1991). The court must consider: (1) there is duplication of judicial resources or uneconomical use of judicial resources; (2) the remand will adversely affect the administration of the bankruptcy estate; (3) the case involves questions of state law better addressed by a state court; (4) there are comity

considerations; (5) there is prejudice to unremoved parties; (6) the remand lessens the possibility of inconsistent results; and (7) the court where the action originated has greater expertise.

*Baxter Healthcare Corp.*, 132 B.R. at 867–68. Additional factors include:

(1) the jurisdictional basis, if any other than 28 U.S.C. § 1334; (2) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (3) the substance rather than the form of the asserted 'core' proceeding; (4) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; the burden of the bankruptcy on the court's docket; (5) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; and (6) the presence of nondebtor parties.

*Citicorp Sav.*, 132 B.R. at 157–58.

■ Applying these factors to the instant case, I find that remand on equitable grounds is merited. The action removed to this court pleads both state law and federal law claims which do not "arise under" or "arise in" the bankruptcy case. The purely state law causes of action are better addressed by the state court.

Furthermore, remand would have little, if any, effect upon the administration of the bankruptcy case. Given the burdens of this court's docket, there is no reason to believe that the state court action would not proceed to trial as expeditiously as in this court. In addition, the causes of action plead by Mr. Horton are non-core in nature and involve non-debtor parties. Finally, there is more than a mere possibility that Mr. Horton is engaging in forum shopping. Thus, remand is proper on equitable grounds.[2]

---

**2.** Because this court has remanded this case on equitable grounds, there is no reason to discuss whether Mr. Horton's claims are even

"related to" his bankruptcy case. *See* 28 U.S.C. § 1334(b). In addition, it is not necessary to discuss whether the requirements of

## III. Conclusion

Bright line rules govern removal procedures. Neither Mr. Horton nor the Trustee of his bankruptcy estate has even come close to following these procedures. Thus, this case must be remanded to the 145th Judicial District Court of Nacogdoches County, Texas.

For the following reasons, the defendant's motion to remand is GRANTED.

the bankruptcy rules were met. *See* F.R. Bankruptcy P. 9027.