**Harold M. SCHWARTZ, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a corporation, Defendant.**

**No. C–76–1980 SC.**

United States District Court, N. D. California.

Nov. 5, 1976.

Joseph C. Barton, Barton & Stretch, San Francisco, Cal., for plaintiff.

W. Reece Bader, Orrick, Herrington, Rowley & Sutcliffe, San Francisco, Cal., for defendant.

## ORDER

CONTI, District Judge.

This matter is before the court on plaintiff's motion to remand to the state court on the ground of lack of removal jurisdiction. Plaintiff initially filed this action on behalf of himself and all others similarly situated in the Superior Court of San Francisco County, seeking recovery of forfeited pension benefits on a theory that such pension benefits constituted wages and are not subject to forfeiture. Following filing, defendant removed the action to this court under 28 U.S.C. § 1441(a) and/or (c).

Section 1441(a) provides that an action is removable if the district court would have had original jurisdiction over the action in the first instance. Defendant asserts that this court has original jurisdiction pursuant to 28 U.S.C. § 1332, requiring diversity of citizenship and an amount in controversy. Complete diversity is not contested. However, the *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) requirement that each class member individually meet the $10,-000.00 amount in controversy requirement, is not satisfied. In his state court complaint, plaintiff specifically alleged that "many of the plaintiffs had less than ten thousand dollars ($10,000.00) in benefits forfeited." For this reason, this court does not have proper removal jurisdiction under Section 1441(a), as this action could not have been brought in this court originally.

Section 1441(c) provides that "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed . . . .." The instant case presents the situation where several plaintiffs are bringing individual claims against a single defendant. Defendant's argument is that as a consequence of some of the individual claims satisfying the diversity and amount in controversy requirements of § 1332 and would be removable if sued upon alone, the entire case may now be removed. To allow such a result would be tantamount to defendant accomplishing through the back door what it could not accomplish through the front door under *Zahn*, supra.

Defendant's contention boils down to the issue of whether some of the plaintiffs' individual claims amount to "separate and independent claim[s] or cause[s] of action" within the meaning of § 1441(c). The leading judicial construction of the "separate and independent claim or cause of action" requirement is *American Fire & Casualty Company v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

The *Finn* case held that there is only a single cause of action when a single plaintiff alleges claims against multiple defendants "arising from an interlocked series of transactions [and, hence], there is no separate and independent claim or cause of ac-

tion under Section 1441(c)." *Finn*, supra, 341 U.S. at 14, 71 S.Ct. [534] at 540.

■ Similar logic will support the argument that removal is not available when multiple plaintiffs join their claims against a single defendant arising from a common wrong allegedly committed by that defendant. Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction* Section 3724, p. 629. Such is the situation presented in the instant case. Multiple plaintiffs (former employees of Merrill Lynch) are joining their claims as a class action against the single defendant Merrill Lynch which arose from a common wrong—that is, defendant's policy of forfeiting pension benefits that allegedly constitute wages and thus are not subject to forfeiture. Merely because each plaintiff seeks a separate judgment against defendant, the gravamen of the action is not changed. It is defendant Merrill Lynch's alleged common wrong to all plaintiffs which is the substance of the instant suit.

Given the Supreme Court's endorsement of a "single wrong" test for "separate and independent claim" under § 1441(c), the Supreme Court's pronouncement in *Zahn* that all class members must meet the amount in controversy requirement, Section 1441's perceived purpose of restricting the availability of removal [1] and the further fact that no federal rights seek adjudication, it is the ruling of this court that the instant case was removed improvidently and without jurisdiction under any subsection of Section 1441. Pursuant to § 1447(c), it is the order of this court that plaintiff's motion be granted and the instant case be remanded to the state court from where it was previously removed, for further proceedings.

---

■

**1.** This includes, but not limited to, the 1948 amendment deleting the words "separable controversy" from Section 1441 (see *Finn*, supra, 341 U.S. at 12, 71 S.Ct. 534) and the second sentence of Section 1441(b), allowing removal in diversity cases only if none of the defendants are citizens of the state where the action is brought.