**Sandra MILETICH, Plaintiff,**

v.

**RALEY'S, a California corporation; Howard Kim, One Unknown Raley's Employee; Officer John Poirer; Officer "First Name Unknown" Gammell; City of Reno, a Municipal corporation acting by and through the City of Reno Council of Councilpersons; Barbara Bennett; Janice Pine; Florence Lehners; Peter Sferrazza; Dick Scott; Joe McClelland and Jim Thornton, individually and in their official capacities as councilpersons of the City of Reno, Nevada; Robert Bradshaw, individually and in his official capacity as Chief of Police for the City of Reno, Defendants.**

**No. CV–R–83–334–ECR.**

United States District Court, D. Nevada.

July 30, 1984.

Lawrence J. Semenza, Reno, Nev., for plaintiff.

Harold B. Thompson, Reno, Nev., for defendants Poirier, Gammel, City of Reno, Reno City Council, including individuals, and R. Bradshaw.

Bruce R. Laxalt and Woodburn, Wedge, Blakey & Jeppson, Reno, Nev., for Raley's only.

ORDER

EDWARD C. REED, Jr., District Judge.

On September 20, 1981, plaintiff was shopping at a Raley's store in Reno. She alleges, *inter alia,* that a Raley's employee (defendant Kim) assaulted and battered her, that Raley's wrongfully charged her with creating a disturbance, and that as a result, she was wrongfully placed under "civil protective custody" by an officer of the Reno Police Department.

Plaintiff has sued the City of Reno, as the employer of the police officers involved in this incident, under 42 U.S.C. § 1983.[1]

---

**1.** Also sued under § 1983 are various officers and employees of the City of Reno.

As such, there appears to be a basis for federal jurisdiction over the claims against this defendant under 28 U.S.C. § 1343. However, plaintiff does not claim that there is a similar basis for jurisdiction over her claims against the Raley's defendants. Instead, she

> seeks to include the State claims including assault and battery, infliction of emotional distress, liable [sic], slander and malicious prosecution against Raley's and its employees under the discretionary power of this Court to hear pendent ancillary jurisdiction issues.

Opposition to Motion for Dismissal (Document # 10) at 2. The Raley's defendants contend that plaintiff's claims against them should be dismissed for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1).

> Plaintiff responds that
>
> The controlling question of whether a Federal District Court should exercise its discretion to hear related state claims is whether the federal claim is "derived from a common nucleus of operative facts, ["] United Mine Workers v. Gibbs, 383 U.S. 715, 725, 16 L.Ed.2d 218, 86 S.Ct. 1130, [1138] (1969).

Opposition, supra, at 3. However, in Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) the court rejected such a "general, all-encompassing jurisdictional rule." Id. at 13, 96 S.Ct. at 2419. Aldinger teaches that the addition of a completely new defendant, simply because plaintiff's claim against that defendant derives from a "nucleus of operative fact" in common with the claim against the original defendant, "would run counter to the well-established principle that federal courts … are courts of limited jurisdiction …." Id. at 14 & 15, 96 S.Ct. at 2420.

■ Instead, where a plaintiff seeks to add a pendent party, based on "a state-law claim over which there is no independent basis of federal jurisdiction," the scope of the statute conferring jurisdiction "should be construed in light of the scope of the cause of action as to which federal power has been extended by Congress." Id. at 14 & 17, 96 S.Ct. at 2420 & 2421 (emphasis in original). In addition to this statutory analysis, a federal court must satisfy itself that Article III of the United States Constitution permits the exercise of pendent party jurisdiction. Id. at 18, 96 S.Ct. at 2422.

■ We need not, in the context of the motion now before us, undertake the statutory analysis contemplated in the first element of the Aldinger test, because the Ninth Circuit has decided that Article III does not permit the exercise of pendent party jurisdiction. See Ayala v. United States, 550 F.2d 1196, 1199, 1200 (9th Cir. 1977), cert. dismissed 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978). In fact, it has indicated that it is possible to read Aldinger "merely as another avoidance of the ultimate question" of whether the federal courts can constitutionally exercise pendent party jurisdiction. Id. at 1200. Under these circumstances, courts in the Ninth Circuit must adhere to its constitutionally-based rule barring the adjudication of pendent party claims. See id.

IT IS, THEREFORE, HEREBY ORDERED that the Motion for Dismissal filed by the Raley's defendants is GRANTED.