Sheridan BARR, Clifford Buhler, Dennis Hammer, Nelson Stillwell, et al.; on behalf of themselves and all other employees similarly situated (except supervisory) at the Darby Sawmill of Champion International Corporation, Building Products Division, Plaintiffs,

v.

CHAMPION INTERNATIONAL CORPORATION, BUILDING PRODUCTS DIVISION AND TIMBERLAND DIVISION, Bonner Operators, Bonner, Mont., Defendants.

No. CV 85–84–M.

United States District Court,
D. Montana,
Missoula Division.

Sept. 6, 1985.

Howard C. Greenwood, Hamilton, Mont., for plaintiffs.

Robert Sheridan, Garlington, Lohn & Robinson, Missoula, Mont., for defendants.

OPINION AND ORDER

LOVELL, District Judge.

The four named Plaintiffs commenced this action in state court in Ravalli County,

Montana, on behalf of themselves and all other similarly situated employees of the Darby Sawmill of Champion International Corporation, Building Products Division. The complaint alleges that the plaintiff class consists of approximately 55 employees, each of whom is allegedly entitled to payment of wages for several holidays, accrued vacation time, severance pay, and a statutory penalty in the amount of 5% per day, up to twenty days, of the total above payments due.

Defendant removed the cause to this Court pursuant to 28 U.S.C. § 1441, alleging diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has moved the Court to remand to state court on the ground that the amount in controversy does not meet the $10,000 jurisdictional minimum. Defendant asserts that there is proper federal jurisdiction for the reason that the aggregate interests of the class exceed $10,000. It is undisputed that Plaintiffs & Defendant are citizens of different states.

■ In the absence of a specific statutory exception, a federal district court can exercise removal jurisdiction over a case only if it would have had jurisdiction over it as originally brought by the plaintiff. *Snow v. Ford Motor Co.*, 561 F.2d 787 (9th Cir.1977); *Southern Pac. Co. v. McAdoo*, 82 F.2d 121 (9th Cir.1936). Jurisdiction under 28 U.S.C. § 1332(a)(1) exists when the action is between citizens of different states and the amount in controversy exceeds $10,000, exclusive of interest and costs.

It is a long-standing tenet of federal law that

when two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single unit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.

*Troy Bank v. G.A. Whitehead and Co.*, 222 U.S. 39, 40–41, 32 S.Ct. 9, 56 L.Ed. 81 (1911).

This rule has been applied to forbid aggregation of claims where none of the claimants satisfies the jurisdictional amount. *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). More importantly, the rule against aggregation of claims "also requires dismissal of those litigants whose claims do not satisfy the jurisdictional amount, even though other litigants assert claims sufficient to invoke jurisdiction of the federal court." *Zahn v. International Paper Co.*, 414 U.S. 291, 295, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).

■ In the present case, certain members of the plaintiff class have claims in excess of $10,000, while the claims of the remaining class members do not meet the "amount in controversy" requirement. The Plaintiffs' claims do not derive from rights they hold in group status; in spite of the common questions of law and fact involved, Plaintiffs' rights appear to arise only from the status of each as an individual employee of Defendant. *Potrero Hill Community Action Committee v. Housing Authority*, 410 F.2d 974 (9th Cir.1969). Therefore, this Court is convinced "to a legal certainty" that less than the jurisdictional amount is recoverable by at least some of the plaintiff class. *City of Inglewood v. City of Los Angeles*, 451 F.2d 948 (9th Cir.1972)

The Court of Appeals for the Ninth Circuit has held that if a plaintiff cannot aggregate claims to fulfill the jurisdictional amount requirement of § 1332, then neither can a defendant who invokes federal jurisdiction under the removal provisions of § 1441. *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir.1977). It is clear then that there is no independent basis for federal jurisdiction over the claims of those plaintiffs who cannot establish the minimum "amount in controversy" requirement. The only method by which this Court could assume jurisdiction over the entire case would be to exercise its discretionary pendent jurisdiction.

The concept of pendent jurisdiction encompasses both pendent claim and pendent party jurisdiction. In the simple "pendent claim" context, a plaintiff seeks to have a federal court hear a state claim (the pendent claim) which shares a "common nucleus of operative fact" with a federal question action (the anchoring claim) between the same parties.

The instant case presents the "pendent party" variant which, in addition to involving a state claim which is appended to the action that provides the anchoring source of federal jurisdiction, requires for its resolution the joinder of any ancillary party. *Ayala v. United States*, 550 F.2d 1196 (9th Cir. 1977).

·The Ninth Circuit Court of Appeals has systematically rejected pendent party theory on the basis of the limited jurisdiction conferred upon federal courts by Article III, Section 2, Clause 1, of the United States Constitution. The Court has "repeatedly held that parties may not be added to an action absent an independent jurisdictional base for inclusion and that pendent party jurisdiction will not substitute for complete diversity or a federal question." *Safeco Ins. Co. of America v. Guyton*, 692 F.2d 551, 555 (9th Cir.1982). This rule has been applied to prohibit a pendent party-plaintiff without a federally cognizable claim from "riding in on the coattails" of a plaintiff asserting an independent federal claim arising out of the same operative facts. *Hymer v. Chai*, 407 F.2d 136, 137 (9th Cir.1969); *Ayala, supra*, 550 F.2d at 1198.

Courts in the Ninth Circuit must adhere to its constitutionally based rule barring the adjudication of pendent party claims. *Miletich v. Raley's et al.*, 593 F.Supp. 124, 125 (D.Nev.1984). At first blush, the appropriate action here would seem to be to remand the pendent parties and to retain jurisdiction where the jurisdictional amount is clearly present. However, this would create an intolerable condition of multiplicity, where the same litigation would go forward with different parties simultaneously in state court and in this court. That result is untenable. Lacking guidance of any specific authority, I believe that Plaintiffs, the federal court system, the state court system, and Defendant who seeks removal jurisdiction in this Court, would all be best served by remanding the case in its entirety and allowing the state court to proceed expeditiously and exclusively with the litigation.*

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' motion is GRANTED and the above-entitled cause is REMANDED in its entirety to the District Court of the Fourth Judicial District of the State of Montana in and for the County of Ravalli.

IT IS FURTHER ORDERED that each party bear its or their own costs incurred by reason of Defendant's removal.

---

* It would seem that even Defendant should prefer this result to the burden of litigating in both federal and state forums—which is the alternative to this result.