George **CRAIG, et al., Plaintiffs,**

v.

**CONGRESS SPORTSWEAR, INC., et al., Defendants.**

**Civ. No. 85–0134–B.**

United States District Court, D. Maine.

Oct. 3, 1986.

Guy P. Seaberg, Lynch and Seaberg, Damariscotta, Me., for plaintiffs.

Richard G. Moon, Perkins, Thompson, Hinckley & Keddy, Portland, Me., Paul E. Stanzler, Burns & Levinson, Boston, Mass., for defendants.

Thomas Warren, Asst. Atty. Gen., Augusta, Me., for intervenor.

## MEMORANDUM AND ORDER REMANDING ACTION

CYR, Chief Judge.

Plaintiffs commenced this class action[1] in Maine Superior Court (Sagadahoc Coun-

---

1. Since the court has not yet determined whether this case properly may proceed as a class action pursuant to Fed.R.Civ.P. 23(b), it should be treated as a class suit, until such determina-

ty) in their own behalf and in behalf of "other employees of Congress Sportswear, Inc. situated similarly," seeking severance pay under Me.Rev.Stat.Ann. tit. 26, § 625–B (Supp.1985) (Maine Severance Pay Act). The action was removed to this court in timely fashion, based on diversity of citizenship. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a) & (b).

The Maine Severance Pay Act requires an "employer who relocates or terminates a covered establishment" to pay eligible employees "severance pay at the rate of one week's pay for each year of employment. . . ." Me.Rev.Stat.Ann. tit. 26, § 625–B(2). Defendants have answered, asserting, *inter alia,* that Congress Sportswear, Inc. is not a "covered establishment" and that the Maine Severance Pay Act is preempted by E.R.I.S.A., 29 U.S.C. § 1001 *et seq.,* and violates the Contract Clause and the Commerce Clause of the United States Constitution.

Defendants have moved for summary judgment and plaintiffs have moved for partial summary judgment. The State of Maine has intervened.

■ The court has both the power and the duty to inquire into its own subject matter jurisdiction. *Kanzelberger v. Kanzelberger,* 782 F.2d 774, 777 (7th Cir.1986); *Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1297 (5th Cir.1985). *See Daley v. Town of Durham,* 733 F.2d 4, 7 (1st Cir. 1984); *Lane v. United States,* 727 F.2d 18, 21 (1st Cir.1984). Accordingly, before addressing the merits of the pending motions, the court examines the record with a view to determining whether the court has subject-matter jurisdiction.

■ In order to determine whether the "amount in controversy" requirement of diversity jurisdiction under 28 U.S.C. § 1332(a) has been satisfied, the court must examine the allegations of the complaint and (if the complaint does not reveal the amount in controversy) defendants' removal petition. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3725, at 417–18 (1985).

The complaint alleges that defendants owe the plaintiff *class* "approximately $179,000" in severance pay. There is no allegation in the complaint as to the amount of severance pay owed to any individual class member, including the named plaintiffs. Defendants' "Verified Petition for Removal" contains no allegation of the amount in controversy, but conclusorily asserts that the "action, as stated in the plaintiffs' Complaint," is within the court's diversity jurisdiction.

■ In a class action the claims of the individual class members may not be aggregated, for purposes of determining the amount in controversy, unless the individual members of the class are seeking to enforce a common or undivided interest in a single right or title. *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Lopez v. Arraras,* 606 F.2d 347, 351 (1st Cir.1979). The *Snyder* rule against aggregation "requires dismissal of those litigants whose claims do not satisfy the jurisdictional amount, even though other litigants assert claims sufficient to invoke the jurisdiction of the federal court." *Zahn v. International Paper Co.,* 414 U.S. 291, 295, 94 S.Ct. 505, 509, 38 L.Ed.2d 511 (1973).

■ These plaintiffs each seek the severance pay due them individually, as calculated on the basis of the number of years worked and the weekly wages earned. This is not an assertion of a common or undivided interest in a single right or title, such as would permit aggregation of their claims. *Barr v. Champion International Corp.,* 617 F.Supp. 45, 46 (D.Mont.1985).

There being no basis for aggregating the individual claims, it is necessary to examine the complaint and the removal petition to determine whether each individual claim meets the $10,000 jurisdictional amount.

tion has been made. *See* 3B J. Moore, *Moore's Federal Practice* ¶ 23.50 (2d ed. 1985); *City of Inglewood v. City of Los Angeles,* 451 F.2d 948, 951 (9th Cir.1971); *Eagle v. American Tel. & Tel. Co.,* 769 F.2d 541, 545 n. 1 (9th Cir.1985).

The complaint alleges that "approximately 58 employees" are eligible for severance pay and that the "average 'week's pay'" involved is approximately $220. Inasmuch as the amount of an individual's severance pay under the Maine Severance Pay Act is determined by multiplying the average weekly wage of the individual during the 12 months preceding the termination or relocation of the business, by the number of years worked, Me.Rev.Stat.Ann. tit. 26, § 625–B, it is impossible to determine whether any individual employee is claiming an entitlement to $10,000 in severance pay. Moreover, based on the average weekly pay alleged in the complaint ($220), an employee would have had to work for the defendants for more than 45 years in order to generate a claim for more than $10,000—a highly improbable (though not impossible) scenario. Instead, the aggregate amount asserted ($179,000) would indicate that the average claim of the 58 employees would be less than $3,100. Thus, the allegations of the complaint, which are in no way contradicted or supplemented by the allegations of the removal petition, not only fail to allege the requisite amount in controversy but strongly suggest that no member of the plaintiff class has a claim for more than $10,000.

There remains the question of whether defendants should be permitted to make any further showing.[2] Although there is little case law on the question, the decisions discovered by the court preclude going beyond an examination of the complaint and the removal petition unless the allegations in either or both, are legally sufficient, if true, to establish the jurisdictional amount. *See Lindsey v. Alabama Telephone Co.*, 576 F.2d 593, 595 (5th Cir. 1978) ["[I]t was not open for defendants to attempt to show that the class was small enough that the claims on its behalf exceeded the sum of $10,000 per capita. Nor was it open to the district court to spec-

ulate that such was in fact the case"]; *Bell v. Taylor*, 509 F.2d 808, 810 (5th Cir.1975) ["When it plainly appears that the allegations of the petition, even if true, are legally insufficient to state a ground for removal, no hearing into their factual merit is required"]; *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 255 (5th Cir.1961) ["[T]he key to the door is an affirmative showing by he [sic] who seeks entry of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted."]; *Wright v. Continental Casualty Co.*, 456 F.Supp. 1075, 1078 (M.D.Fla.1978) (dictum). *Compare Rollwitz v. Burlington Northern Railroad*, 507 F.Supp. 582, 587 (D.Mont.1981) [factual inquiry necessary where petition for removal alleged that more than $10,000 was in controversy and plaintiffs disputed this allegation]; *Wright v. Continental Casualty Co., supra.*

The removal petition contains no separate allegation of the amount in controversy but conclusorily asserts that the complaint establishes the basis for diversity jurisdiction. As previously stated, the complaint does not sufficiently allege the requisite jurisdictional amount and, indeed, strongly suggests that the individual claims are for substantially less than $10,000.

Even if some members of the plaintiff class have individual severance pay claims exceeding $10,000, the case cannot be said to have been removed properly unless it falls within 28 U.S.C. § 1441(c), which provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all mat-

---

2. In the event that the plaintiffs were to challenge any further showing or allegation by the defendants concerning whether any individual class member has a claim exceeding $10,000, the burden would be on the defendants (who sought to invoke the court's jurisdiction) to prove that any class member is asserting an individual claim for $10,000 or more. C. Wright, A. Miller & E. Cooper, 14A *Federal Practice and Procedure* § 3702, at 18–21.

ters not otherwise within its original jurisdiction.

At best, it is unclear whether section 1441(c) applies to a multiple plaintiff suit on the basis that each plaintiff has a "separate and independent claim or cause of action." Indeed, two noted commentators have disagreed on this question. *Compare* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3724 at 386–88 (1985) *with* 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 163[4.–5] at 336 (1985). Cases applying section 1441(c) to multiple plaintiff actions have relied on Professor Moore's view. *See Northside Iron & Metal Co. Inc. v. Dobson & Johnson, Inc.*, 480 F.2d 798 (5th Cir. 1973) [citing *Moore's*]; *Stokes v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 523 F.2d 433, 438 (6th Cir.1975) [citing *Northside Inn*]. Other cases, relying on the "single wrong" test of *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), have concluded that the "separate and independent claim" requirement was not met in multiple plaintiff cases. *See National Organization for Women v. Mutual of Omaha Insurance Co.*, 612 F.Supp. 100, 103–04 (D.D.C.1985); *Strange v. Arkansas-Oklahoma Gas Corp.*, 534 F.Supp. 138, 140–41 (D.Ark. 1981); *Schwartz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 424 F.Supp. 672, 673–74 (N.D.Cal.1976); *Burnett v. Eastman Kodak Co.*, 433 F.Supp. 514 (E.D. Tenn.1977).

Plaintiffs' claims in this class action are similar to the claims of the plaintiffs in *Schwartz, supra*, where the plaintiff class sought to recover pension benefits withheld by the defendant employer on the basis of a "single wrong" consisting of the defendant's "policy of forfeiting pension benefits that allegedly constitute wages and thus are not subject to forfeiture," 424 F.Supp. at 674. The *Schwartz* court further noted that to allow removal of the class action under section 1441(c) "would be tantamount to defendant accomplishing through the back door what it could not accomplish through the front door under *Zahn*." *Id.* at 673.

■ This court agrees that it would be anomalous to preclude plaintiffs from participating in a class action suit commenced in federal court, under *Zahn*, while allowing federal court consideration of those same claims under section 1441(c) upon removal from state court. Moreover, as in *Schwartz*, these plaintiffs' individual claims are based on defendants' *policy* of not complying with the severance pay requirements of the Maine Severance Pay Act, which defendants assert is unconstitutional. Defendants' refusal to pay the amounts claimed by the individual former employee members of the plaintiff class has nothing to do with the particular merits of any individual employee's claim. The unitary policy underlying the denial of severance pay to all plaintiffs satisfies the "single wrong" test of *American Fire & Casualty Co. v. Finn, supra.* Accordingly, plaintiffs' claims are not "separate and independent" for purposes of section 1441(c).

■ Although the Supreme Court held in *Zahn, supra*, that any plaintiff without the jurisdictional amount had to be dismissed from a class action suit brought by plaintiffs in federal court, the court does not read *Zahn* as mandating an involuntary division of an otherwise proper class action suit through a remand of only those plaintiffs' claims which do not exceed $10,000. Also, as this case was not properly removed under section 1441(c), the court may not enjoy the authority conferred by *that* section, i.e., to retain "separate and independent" claims meeting the jurisdictional amount, while remanding those which do not.

■ Finally, even assuming the existence of some claims exceeding $10,000, remand of the entire action is necessary to avoid the "untenable" result of simultaneous litigation in the state and federal courts involving the same employer and the same constitutional challenges to the Maine

Severance Pay Act.[3] *See Barr v. Champion International Corporation,* 617 F.Supp. 45, 47 (D.Mont.1985); *National Organization for Women v. Mutual of Omaha Insurance Co.,* 612 F.Supp. 100, 104 (D.D.C.1985) [remand of entire action required where "there is no conceivable way that the class described by the plaintiffs could be made up entirely—or even substantially—of claims of more than $10,-000"]. *Cf. Marcal Paper Mills, Inc. v. Ewing,* 790 F.2d 195, 198 (1st Cir.1986) [discretionary abstention in declaratory judgment action proper to avoid potential for "a direct confrontation over the binding nature of our decision versus that of the Maine Supreme Court upon the Maine Superior Court in the Marcal proceeding"].

In short, because neither the complaint nor the removal petition indicates that the amount in controversy exceeds $10,000 and because the action could not be removed under 28 U.S.C. § 1441(c), even assuming that some members of the plaintiff class have individual claims exceeding $10,000, the case was "removed improvidently and without jurisdiction"[4] and must, therefore, be remanded to state court. *See* 28 U.S.C. § 1447(c).

Accordingly, upon the court's own motion it is *ORDERED* that the case be and it hereby is *REMANDED* to the Maine Superior Court, Sagadahoc County; and the Clerk is directed to forward to the Clerk of the Maine Superior Court, Sagadahoc County, an attested copy of this order of remand together with all papers filed with this Court.

It is further *ORDERED* that each party bear its own costs incurred by reason of defendants' removal and that defendants' bond be returned.

SO ORDERED.

**3.** In view of the appeal to the United States Supreme Court of the Maine Supreme Judicial Court's rejection of identical E.R.I.S.A. preemption and Contract Clause challenges to the Maine Severance Pay Act in *Director of Bureau of Labor Standards v. Fort Halifax Packing Company,* 510 A.2d 1054 (Me.1986), *appeal filed,* 55 U.S.L.W. 3175 (U.S. September 23, 1986), to require defendants to defend all claims in state court likely would provide a more expedient and efficient route for the definitive resolution of these potentially dispositive legal issues than would be the case if the court were to retain some claims in this court, with its decision then being appealable to the First Circuit and perhaps to the United States Supreme Court.

**4.** It should go without saying that defendants' federal preemption and constitutional challenges to the Maine Severance Pay Act, raised as defenses in this action, do not confer federal question jurisdiction on this court under 28 U.S.C. § 1331. *See Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Hunter v. United Van Lines,* 746 F.2d 635, 639–40 (9th Cir.1984), *cert. denied,* —— U.S. ——, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985).